UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-23511-GAYLES

**JOHN J. WILSON, JR.**,

    Plaintiff,

v.

**APEX REPORTING GROUP, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff John J. Wilson's Motion to Set Aside Judgment Pursuant to Rule 60(d)(3) and 60(b)(3) of the Federal Rules of Civil Procedure Based on Material Public Records Fraud Perpetrated on the Court. [ECF No. 99]. Plaintiff seeks reconsideration of the Court's dismissal of his 42 U.S.C. § 1983 Complaint for lack of prosecution, following his failure to pay the filing fee or file an amended complaint, as directed. *See* [ECF Nos. 33, 37]. For the following reasons, the Motion is **DENIED.**

"Federal Rule of Civil Procedure 60(b) allows a party to request relief from a final judgment." *Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898 (11th Cir. 2006). "The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief." *Jones v. S. Pan Servs.*, 450 F. App'x 860, 863 (11th Cir. 2012). Yet "[a] motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of

judgment." *Id*. Further "Rule 60(d)(3) allows for relief from final judgment if the movant can show fraud on the court." *In re Grp. Mgmt. Corp.*, No. 03-93031, 2022 WL 14929963, at *20 (N.D. Ga. Oct. 24, 2022).

Plaintiff reasons that there is "new evidence" in his case that proves the existence of falsified records and fraud upon the Court. *See generally* [ECF No. 99]. In support, he submits hundreds of pages as exhibits, many of which are his own filings and inquiries from cases across various state and federal actions he has filed. *See id.* These dockets and filings do not constitute evidence; in short, Plaintiff has neither shown "new evidence" or "fraud upon the court" that would lead to relief from final judgment under Rule 60(b) or 60(d)(3).

Plaintiff is cautioned that continued frivolous filings in this closed case will be viewed with disfavor as an unnecessary expenditure of judicial time and resources. He is further warned that repeated frivolous filings could result in an injunctive restriction to avoid future conduct that impairs the rights of other litigants and the Court's ability to carry out its Article III functions. *See Simmons v. Warden*, 589 F. App'x 919, 923 (11th Cir. 2014) (citing *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986)); *see also Sassower v. Fid. & Deposit Co.*, 49 F.3d 1482, 1483 (11th Cir. 1995) (directing the Clerk of Court to refuse any further filings from appellant who had repeatedly filed frivolous petitions for certiorari and applications to proceed *in forma pauperis* unless the appellant paid the Court's filing fee or obtained a certification from the district court that his appeal was not frivolous).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, John J. Wilson's Motion to Set Aside Judgment Pursuant to Rule 60(d)(3) and 60(b)(3) of the Federal Rules of Civil Procedure Based on Material Public Records Fraud Perpetrated on the Court **[ECF No. 99]** is **DENIED.**

- 3 -

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of January, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **John J. Wilson, Jr.,** *pro se*
M86232
Mayo Correctional Institution Annex
8784 US Highway 27 West
Mayo, FL 32066