UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:16-cv-23511-GAYLES

JOHN J. WILSON, JR.,

       Plaintiff,

v.

APEX REPORTING GROUP,
INC., *et al.*,

       Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court on Plaintiff's *pro se* Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(3), (d)(3) (the "Motion"). [ECF No. 103]. On August 15, 2016, Plaintiff filed Complaint Under 42 U.S.C. § 1983 alleging false imprisonment, false arrest, and malicious prosecution claims against a long list of Defendants [ECF No. 1] (the "Complaint"). The Court dismissed the Complaint without prejudice for failure to comply with Court orders and failure to prosecute, *see* [ECF No. 37], and later denied Plaintiff's Motion to Reconsider that dismissal, *see* [ECF No. 44]. The Eleventh Circuit dismissed his appeal for lack of jurisdiction because it was untimely. *See* [ECF No. 63].

Over the following decade, Plaintiff inundated the docket with many meritless motions, which were denied, *see* [ECF Nos. 45–52, 56, 58–60, 62, 65, 68–69], and filed a second appeal, which was dismissed as frivolous, *see* [ECF No. 72]. Plaintiff eventually asked the Court, in January 2026, to set aside the judgment under Rule 60(b)(3) and Rule 60(d)(3) [ECF No. 99] (the "Rule 60 Motion"). In the Rule 60 Motion, Plaintiff contended that new evidence had been revealed in his separate habeas corpus proceedings that showed "intentional and deliberate fraud perpetrated on the court." *See id.* at 1. Specifically, Plaintiff argued that there had been a "complete

and thorough falsification of the legal record and transcripts" in his state criminal case, which resulted in him being "falsely imprisoned . . . based on fabricated charges."[1] *See id.* at 1–2. According to Plaintiff, the evidence showing this purported falsification included the fact that some of the documents the State submitted in response to a narrow show cause order in Plaintiff's habeas case were from other defendants' cases. *See id.* at 3.

The Court denied the Rule 60 Motion. *See* [ECF No. 102]. In doing so, the Court explained that Plaintiff's supporting exhibits included "hundreds of pages," many of which were "his own filings and inquiries from cases across various state and federal actions he has filed" and none of which constituted evidence. *See id.* at 2. For that reason, the Court concluded Plaintiff had not shown the kind of newly discovered evidence or fraud on the court that would support relief under Rule 60(b) or Rule 60(d). *See id.*; Fed. R. Civ. P. 60(b)(2)–(3), (d)(3). The Court also warned Plaintiff that "continued frivolous filings in this closed case will be viewed with disfavor as an unnecessary expenditure of judicial time and resources" and "could result in an injunctive restriction to avoid future conduct that impairs the rights of other litigants and the Court's ability to carry out its Article III functions." *See* [ECF No. 102 at 2].

Plaintiff now asks the Court to reconsider its ruling on the Rule 60 Motion. *See* [ECF No. 103]. He contends that his exhibits are in fact evidence because they include "the actual falsified judicial records and altered transcripts of proceedings" from his state criminal case, which the State "filed into the federal record" of his habeas case. *See id.* at 2. He argues the falsified/missing records — "some of which were entered as decoys to deceive the federal justice system" —

---

[1] The Rule 60 Motion also included a number of incendiary, fanciful allegations against Florida state judicial officials, including a prosecutor, a Circuit Court judge, and the Clerk of Court for Miami-Dade Country. *See* [ECF No. 99 at 3–14]. Those allegations involve a scheme to "thwart" Plaintiff's access to Florida courts led by "intelligence agents" and "foreign operatives" of a "clandestine" criminal organization called "T," which "recruited" the named Florida state judicial officials into the enterprise. *See id.*

"correspond to the days" he moved for "discovery and exculpatory evidence" he believes prosecutors owed him before trial.[2] *See id.* at 3, 7. He asserts the "omitted evidence and discovery would have conclusively shown" that the State could not prove its case against him, so it met the Rule 60 standard. *See id.* at 5. As a result, he argues the Court unreasonably applied the law when it denied the Rule 60 Motion. *See id.* at 7–8.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quotation marks omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* "A motion for reconsideration should not be used as a vehicle" to "reiterate arguments previously made." *Id.* (quotation marks omitted). Instead, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly," such as when the Court "has made an error not of reasoning, but of apprehension." *See id.* at 1369–70 (quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare," reserved only for when "the moving party" presents "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See id.* at 1369 (quotation marks omitted).

Plaintiff has not met that standard here. Even if Plaintiff were correct that the Court unreasonably applied the law when it denied the Rule 60 Motion, which he is not, that asserted error alone would not justify reconsideration. As the above precedent makes clear, garden variety errors of law (that is, errors of reasoning) cannot support motions for reconsideration; only errors of understanding can do that. *See id.* at 1369–70. The Court fully understood the argument Plaintiff

---

[2] Plaintiff represented himself at trial. *See* [ECF No. 103 at 4].

- 3 -

advanced in the Rule 60 Motion, just as the Court understands the argument Plaintiff makes now. The Court simply disagreed with it. And because the Motion for Reconsideration is a classic example of what litigants may not do — reiterate arguments previously made, *see id.* at 1369 — the Court disagrees with Plaintiff's argument still.

While the Court acknowledges that some of the records the State included in response to the habeas court's show cause order do appear to have come from other defendants' cases (one of whom shares the same first and last name as Plaintiff), *see* [ECF No. 99 at 277–300], nothing in Plaintiff's submission indicates that the reason for this inclusion is anything other than a filing mistake. Habeas proceedings often require overworked state attorneys to compile voluminous records under tight filing deadlines, and mistakes happen. Similarly, any "omissions" in the State's habeas response are likely due to the limited nature of the show cause order, which made clear that the State was to include record documents "only to the extent they are relevant to the timeliness issue." *See* Show Cause Order, *Wilson v. Fla. Dep't of Corr.*, No. 1:24-cv-24815-AHS (Jan. 27, 2025 S.D. Fla.), Dkt. No. 12 at 2. Plaintiff has not demonstrated that the State omitted documents for any reason other than to comply with the judge's order — and he certainly has not shown that the State omitted anything with nefarious motives.

In sum, Plaintiff has not met his burden to show new facts or law of such a strongly convincing nature that the Court should reverse its prior decision. *See Burger King*, 181 F. Supp. 2d at 1369. He has not shown any manifest errors or injustice. *See id.* So this is not one of the rare occasions when the extraordinary remedy of reconsideration is warranted. *See id.* Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(3), (d)(3), [ECF No. 103], is **DENIED**.

2. The Clerk is **DIRECTED** to mail Plaintiff a copy of this Order.

- 5 -

3.  This case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2026.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: all counsel of record

**John J. Wilson, Jr.**
M86232
Mayo Correctional Institution Annex
Inmate Mail/Parcels
8784 US Highway 27 West
Mayo, FL 32066
*PRO SE*